BENJAMIN CUSHING & others *vs.* NANTASKET BEACH
RAILROAD COMPANY.

Plymouth.   Oct. 19. — Nov. 24, 1886.   DEVENS & W. ALLEN, JJ., absent.

At the trial of a petition for the assessment of damages caused by the taking by a railroad corporation of land of the petitioner, recent reports made by one of the corps of United States engineers, transmitted by the Secretary of War to the United States Senate, and by that body ordered to be printed, are inadmissible in evidence for the purpose of showing that the road-bed of the corporation protected the remaining land of the petitioner from being washed away by the sea, and that a special benefit was thus received by the petitioner from the location of the railroad, which should be considered in estimating the damages.

At the trial of a petition for the assessment of damages caused by the taking of land by a railroad corporation, the respondent tendered a deed of release of a part of the land, which purported to be "in consideration of one dollar and the settlement of claim for land damage." The releasees were described in the deed only as "the heirs of C." It did not appear that the petitioners were the heirs of C. *Held*, that evidence of the release was rightly excluded.

PETITION to the Superior Court for a jury to assess the damages caused by the taking by the respondent of land of the petitioners in Hull.   At the trial in the Superior Court, before *Mason*, J., the jury returned a verdict for the petitioners; and the respondent alleged exceptions to the exclusion of certain evidence, the nature of which appears in the opinion.

*A. Lord*, for the respondent.

*D. C. Linscott*, for the petitioners.

FIELD, J. The respondent has argued the exception to the exclusion of the printed document entitled, "48th Congress; 1st Session; Senate Ex. Doc. No. 74;" and the exception to the exclusion of the release of a part of the land described in the petition, which was tendered at the trial. The other exceptions are waived.

1. The Secretary of War, on January 24, 1884, transmitted to the Senate of the United States a letter from the chief of engineers, submitting copies of reports made by Major Raymond of the corps of engineers, in 1882 and 1883, and this letter, with the accompanying papers, when received by the Senate, was referred to the committee on commerce, and ordered to be printed. This printed document was offered in evidence by the respondent for the purpose of showing from the reports of Major Raymond that the road-bed of the company protected the remaining land of the petitioners from being washed away by the sea, and that a special benefit was thus received by the petitioners from the location of the railroad, which should be considered in estimating the damages.

The contents of papers in any of the executive departments of the United States are usually proved by a copy authenticated under the seal of the department. U. S. Rev. Sts. § 882. We are not required to determine whether the printed document offered in this case would be admissible in evidence, if a copy thus authenticated would be; see *Whiton* v. *Albany City Ins. Co.* 109 Mass. 24; because we think that the reports themselves are inadmissible for the purpose of proving, as between these parties, the facts stated in the reports.

The acts of Major Raymond and assistant-engineer Bothfield, in surveying the headland in the town of Hull, cannot be called acts of state, nor are the facts stated in the reports public facts, in the sense that they are facts which the United States have, under the authority of law, undertaken to ascertain and make public for the benefit of all persons who may be interested to know them; but they are facts which have been ascertained in the course of preliminary surveys made for the purpose of determining what action, if any, the national government may thereafter take for the purpose of protecting Boston Harbor. The engineers who made the surveys can be called as witnesses in the

·same manner as other persons who have knowledge of the facts. There is no necessity for the admission of unsworn written statements, and the facts do not bring the case within any known exception to the rule that evidence " must be given on oath by persons speaking to matters within their own knowledge and liable to be tested by cross-examination." *Sturla* v. *Freccia*, 12 Ch. D. 411, 425; *S. C.* 5 App. Cas. 623.

2. The deed of release was rightly excluded. It recited that it was " in consideration of one dollar and the settlement of claim for land damage to the estate of the heirs of Samuel T. Cushing in Hull, Massachusetts, the receipt whereof is hereby acknowledged," &c. If this release had been made to the petitioners, the acceptance of it would have been an admission by them that the claim for land damages had been settled. The release is, however, to the " heirs of Samuel T. Cushing, and their heirs and assigns; " without otherwise naming any persons as releasees. The petitioners are Benjamin Cushing, William L. Cushing, Mary J. Cushing, and Abby C. Cushing, " as she is executrix of the estate of Samuel T. Cushing, deceased; " and they allege in their petition that said Benjamin, Samuel, William, and Mary J. were seised in fee as tenants in common of the land when the respondent took a strip of it for the location of its railroad; that the land was devised to them by the will of Mary Cushing; and that, by the will of Samuel, who died after the location of the road, " all his interest in said land and damages suffered by him were given to said Abby C. Cushing." The petitioners, therefore, do not appear to be the "heirs of Samuel T. Cushing." It is not necessary to consider whether it is shown that Arthur W. Moors, as " assignee and trustee in possession of the railroad," had any authority to execute the release, or whether a railroad company may abandon its location, or a part of it, without the consent of the landowner, so that the land shall be thereafter discharged in whole or in part from the easement which the railroad company acquired by its location. There is no evidence of any abandonment except the tender of this deed of release, which the petitioners were not required to accept, for the reasons which have been given.

*Exceptions overruled.*