## BRIDGES *v.* THE STATE.

LEWIS, J. 1. Upon the trial of one indicted for the offense of embezzlement by unlawfully appropriating to his own use money belonging to the public-school fund which had been collected by him as county school commissioner, conclusions reached by the county board of education, upon evidence introduced before that body in an investigation it voluntarily instituted into the accounts of that officer are not admissible in evidence either for or against the accused.

2. It is not, in such a trial, error for the court, upon objection of State's counsel, to refuse to allow a member of such board, though the prosecutor in the case, while upon the stand as a witness for the State, to answer on cross-examination questions designed to elicit what conclusions the board reached in regard to the accounts of the accused or the amount of his alleged default, or to show what were his debits and credits concerning the public money that went into his hands, or what was testified to or admitted by any witness or shown by any document or other evidence that was before the board during its investigation. Such testimony would be only hearsay, and could not be received as admissions of a party to the case, for the prosecutor is not such a party.

3. Where counsel for both parties agree to admit in evidence and read to the jury certain entries in a book, permitting the entire book to go to the jury is not cause for a new trial, although it contains other matter which is irrelevant and improper for them to consider, the jury being specifically and properly instructed as to what portion of the book they could consider and what not, and there being no way to detach or expunge the irrelevant evidence from the book without mutilating it.

4. It is not cause for a new trial that the solicitor-general, in his concluding argument, made improper and irrelevant remarks touching the conduct or guilt of the accused, and that the court neither at the time nor in its charge to the jury rebuked the solicitor-general there-

for, nor cautioned the jury against considering such remarks, when there was no motion for a mistrial nor any ruling of the court as to this matter invoked by counsel for the accused.

5. The charge of the court fairly covered the issues involved. There was no material error in any of the rulings, charges or omissions to charge, to which exception is taken, and the evidence, as a whole, was sufficient to warrant the verdict.

　　　　　*Judgment affirmed. All the Justices concurring, except*

SIMMONS, C. J., and COBB, J., dissenting. The evidence may be sufficient to show a civil liability, but it is not sufficient to show that the accused embezzled, stole, secreted, or fraudulently took and carried away money belonging to the county.

Argued May 15, — Reargued October 2, 1899. — Decided January 25, 1900.

Indictment for embezzlement. Before Judge Henry. Floyd superior court. January term, 1899.

*Fouche & Fouche, J. Branham, Rowell & Rowell, J. W. Ewing,* and *C. T. Clements,* for plaintiff in error.

*Moses Wright, solicitor-general,* and *Harper Hamilton,* contra.