## GREEN v. THE STATE.

COBB, J. 1. The sayings of a prosecutor are generally not admissible as evidence in the trial of a criminal case. See 1 Roscoe's Crim. Ev. (8th ed.) 86; *Bridges* v. *State*, 110 *Ga.* 246 (2).

2. The sayings of the owner of property alleged in a special presentment to have been the subject of a larceny are inadmissible, for the same reasons that the sayings of a prosecutor are excluded. *Belt* v. *State*, 103 *Ga.* 13 (5), and cit.; *Bridges* v. *State*, supra.

3. It follows from the propositions above stated, that upon a trial for the offense of larceny after a trust, charged in a special presentment alleging that money appropriated by the accused to his own use was the property of certain named persons as trustees of a church, and that such appropriation was without the consent of the trustees named, it was not error to refuse to permit a witness for the accused to testify that one of the persons named as trustees had said that the trustees authorized the accused to use some of the money alleged to have been misappropriated.

4. The foregoing notes deal with all of the special assignments of error which are in such shape that the questions sought to be presented can be determined by this court. See *Daniel* v. *Hannah*, 106 *Ga.* 91; *Lucas* v. *State*, 110 *Ga.* 757 (3), and cases cited; *Fletcher* v. *Collins*, 111 *Ga.* 253.

5. The evidence, though conflicting, was sufficient to authorize the verdict, and the judge did not abuse his discretion in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring.*

Submitted January 21, — Decided January 26, 1901.

Indictment for larceny after trust. Before Judge Henry. Floyd superior court. January 8, 1901.

*Seaborn Wright* and *John W. Bale,* for plaintiff in error.
*Moses Wright, solicitor-general,* contra.