[No. 5079.]
[No. 2645 C. A.]

The Big Thompson & Platte River Ditch Company
v. Mayne.

Practice in Civil Actions—Water Rights—Ditch Company—Failure to Deliver Water—Damages—Evidence—Record Kept by Water Commissioner.

In an action brought against a ditch company for losses sustained by an alleged failure to deliver water to plaintiff, it was error to allow a water commissioner to testify to the contents of a book kept by him containing the record of the amount of water said to be flowing in the river at a certain time and the amount that plaintiff would accordingly be entitled to divert, when such memorandum, although written by witness, was made up from reports furnished him by deputies, and concerning the truth of which he had no personal knowledge; nor was such evidence admissible on the ground that it was a public record, for the statutes do not require the keeping of such a book, but only the making of such a report to the state engineer for his guidance and not for the purpose of creating or perpetuating testimony.—P. 357.

*Appeal from the District Court of Weld County.*
*Hon. Christian A. Bennett, Judge.*

Action by Minnie B. Mayne against The Big
Thompson and Platte River Ditch Company. From
a judgment in favor of plaintiff, defendant appeals.
                                        *Reversed.*

Messrs. Garrigues & Smith, for appellant.

Mr. H. N. Haynes, for appellee.

Mr. Justice Bailey delivered the opinion of the
court:

Appellant, who was defendant below, is a mutual
ditch company delivering water for irrigation *pro
rata* upon its shares.

Appellee, who was plaintiff below, owns one-
fifteenth of the shares of the company.

Plaintiff brought this action to recover for losses
she claimed to have sustained because of the alleged
failure of defendant to deliver the water to which she
averred she was entitled.

Among other things she alleges in her complaint
that defendant failed and neglected to divert any
water from the Big Thompson River into its ditch
during the irrigation season of 1899 until May 28th,
and thereafter failed to deliver to her her *pro rata*
share of the water in the ditch.

The testimony as to there being water in the
river available for defendant at certain times and
the amount thereof at certain other times was con-
flicting, and plaintiff in making her case in chief
called the water commissioner as a witness, and the
court, over the objection of defendant, permitted him
to testify as to the contents of a book kept by him in
which he made a record of the amount of water said
to be flowing in the river and the amount which de-
fendant consequently was entitled to divert.

While the memorandum made in the book was written by the witness, he had no personal knowledge of the truth of the statements. He had two deputies, and one of these reported to him the amount of water in the river above the ditches taking water, and the other reported to him the amount of water in the river at defendant's headgate, and from these reports he made his record.

The admission of this testimony was error, and as the matter testified to was vitally material to the making of plaintiff's case, the error was prejudicial.

Plaintiff contends that the testimony was admissible because "the memorandum book kept by the water commissioner was a public record kept by an officer in the proper discharge of his official duty."

The statutes do not require the keeping of such a book. They do require that the commissioner report to the state engineer, among other things, the amount of water coming into the district and the ditches which are inadequately supplied. The object of these reports is to enable the state engineer to perform his duty, and are for his guidance and not for the purpose of creating or perpetuating testimony.

It is made the duty of the district court to appoint a committee to examine the books of the county treasurer and make and file a written report, yet this report is not admissible as evidence, although the matters stated therein may be material.—*McClure v. La Plata County*, 19 Colo. 122.

While some of the authorities hold that a record may be introduced in evidence even though the keeping of it may not be required by law, if it is essential to the conduct of the office, yet the matters recorded must be within the knowledge of the officer at the time he records them.—1 Greenleaf on Evidence, § 493.

The memorandum book kept by the water commissioner was not admissible to prove any of the issues in this cause.

We do not deem it necessary to consider the other errors assigned and the judgment will be reversed and remanded.                *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.