[No. 28366.    Department Two.    July 7, 1941.]

ROBERT G. STEEL, *Appellant,* v. G. H. JOHNSON, *Respondent.*[1]

¹Reported in 115 P. (2d) 145.

*McMullen & Snider* (*Barnett H. Goldstein* and *Mood W. Eckley,* of counsel), for appellant.

*Schaefer & Hall,* for respondent.

SIMPSON, J.—This action was instituted by plaintiff to recover damages for the death of his son caused by the operation of an automobile driven by defendant. The complaint alleges that plaintiff's son was of the age of three years, that November 7, 1939, while he was upon the paved portion of the intersection of Fourth Plain avenue and "O" street in the city of Vancouver, Washington, he was struck by an automobile driven by defendant. In addition, the complaint charged several acts of negligence on the part of defendant which are not necessary to mention. Damages were demanded in the sum of twenty-five thousand dollars. Defendant, in his answer, denied the material allegations of the complaint.

Trial upon the merits before the court sitting with a jury resulted in a verdict awarding to plaintiff $161.29. The record discloses that the amount of recovery was equal to the charges for hospital, doctor, undertaker, and burial expenses.

Plaintiff presented a motion for judgment n. o. v., or in the alternative for a new trial. The motion was denied by the trial court, and plaintiff appealed.

The assignments of error are in the admission of an exhibit in evidence, and in the denial of the motion for judgment n. o. v., or for a new trial.

It is not necessary to set out the facts regarding the accident except to say that the evidence was sufficient to justify the jury in finding that the defendant was guilty of negligence in the operation of his car at the time of the accident.

During the progress of the trial, respondent contended that the cost of rearing and educating a child would be in excess of the value of his services to his family during the period of his minority. In order to sustain his contention, respondent called as a witness the administrator of public assistance for Clark county. The witness produced a mimeographed sheet of paper which was entitled "STATE DEPARTMENT OF SOCIAL SECURITY—SUGGESTED BUDGET FOR SELF-SUPPORTING FAMILIES April 1, 1939." The paper contained figures which the witness explained showed a budget for minimum requirements for the care of children, as compiled by the state department of social security. The document was admitted in evidence over the objection of counsel for appellant.

Appellant contends that the exhibit was inadmissible for the reason that it contained figures and information which had no bearing upon any issue before the court; that there was no showing that it had been compiled or prepared by an expert; that it was hearsay; that it was inadmissible because there was no showing that it applied to a family of the station of life as that occupied by appellant's family; and that appellant was given no opportunity to cross-examine the party or parties who had compiled the information.

The exhibit contained information which was purely hearsay and was clearly inadmissible unless it comes within an exception to the hearsay rule. Respondent argues that the report was prepared under the authority of Rem. Rev. Stat. (Sup.), § 10007-114a [P. C. § 6233-244] (Laws of 1939, chapter 216, p. 873, § 14), relating to public assistance, and therefore, its admission was proper.

As an introduction to the discussion of the question touching upon the admissibility of the ques-

tioned document, we quote from *Grant v. Fisher Flouring Mills Co.*, 190 Wash. 356, 68 P. (2d) 210, as follows:

"Hearsay evidence is excluded by the courts principally because it is not sanctioned by the oath of the person who made the offered statement and no opportunity is afforded for cross-examination. To this rule, there are many exceptions. One of these is that public documents or 'official written statements,' as the text writers prefer to call them, are admissible even though the party who made the statements therein contained is not produced in court. The rule is partially founded upon expediency, but principally upon the presumption that the officer will do his duty. This is taken as a sufficient guarantee of trustworthiness."

This court has passed upon a similar question several times.

*Bardsley v. Sternberg*, 18 Wash. 612, 52 Pac. 251, 524, presented a situation in which application was made for a peremptory writ of mandate commanding the treasurer of the city of Tacoma to pay certain city warrants. A report of the finance committee regarding the financial situation of the city treasurer made to and adopted by the city council, was excluded from the evidence. This court held that the report was competent evidence because it was prepared by a distinct committee provided for and having its duties prescribed by law. Thus the report was a discharge of the committee's duty created by law and related to actual facts.

*Cherry Point Fish Co. v. Nelson*, 25 Wash. 558, 66 Pac. 55, was an action to enjoin the maintenance and operation of a fish trap. This court held that United States tide tables prepared for Puget Sound navigators were admissible in evidence to show the depth of the water at a given time.

In an action for breach of contract for failure to move a building, the defense being inclement weather,

we held that the records of the United States weather bureau were competent evidence upon the issue presented in that case. We held that there was statutory authority for admission of the weather reports in evidence. *Anderson v. Hilker,* 38 Wash. 632, 80 Pac. 848.

In an action for damages caused by allowing a log jam to back up water in a river and injure adjoining land, we approved the introduction of the records of the nearest Federal weather bureau station admitted to show the amount of rainfall in the vicinity. *Peterson v. Arland,* 79 Wash. 679, 141 Pac. 63.

*State v. Bolen,* 142 Wash. 653, 254 Pac. 445, was a criminal action in which the defendant was charged with murder in the first degree. To identify the deceased, fingerprints from the records of the United States army in the war department were offered. The state contended that they were public records required by law to be kept and were admissible in evidence. This court used the doctrine of judicial notice of public documents as an exception to the hearsay rule, and upheld the admissibility of the exhibit. In passing upon the question, we stated:

"We think the following may be gathered from the many authorities we have read on the subject: Documents of this general character, when relevant and material, are admissible in evidence, if they are required to be kept by a major or important office or department of the Federal government by virtue of statute or by virtue of rules and regulations reasonably necessary to the proper conduct of such office or department, *such rules and regulations being either directly authorized by acts of Congress or are not inconsistent with or violative of any statute, and such document is of public interest and its keeping is of such character as that it can be said that the general public has knowledge of it and it is the record of a fact as distinguished from an opinion, judgment or discretion;* . . ." (Italics ours.)

The case of *Grant v. Fisher Flouring Mills Co., supra,* was an action by plaintiff administratrix to recover for injuries alleged to have been sustained by deceased while in defendant's employ. To rebut the allegation of failure to provide sufficient ventilation, defendant offered in evidence three inspector's reports certified by the department of labor and industries. The trial court admitted them "as records of the department." This court upheld the admission on the same reasoning. In so doing, we called attention to the following statutes authorizing the admissibility of the reports: Rem. Rev. Stat., § 7591 [P. C. § 3439], which provides that reports and returns made to the bureau and records of documents gathered or returned by the commissioner or inspectors are expressly "declared public documents," not to be destroyed without the permission of the governor; and, second, Rem. Rev. Stat., § 1257 [P. C. § 7776], provides for the admission of copies of records and documents on record or on file in the departments of the United States or this state when duly certified.

A search of other authorities discloses that much attention has been given to the question with which we are presently concerned. An excellent statement of the rule relative to the admissibility of public documents or reports is found in 20 Am. Jur. 866, § 1027, which reads:

"According to the theory advanced by some courts, a record of a primary fact made by a public official in the performance of official duty is, or may be made by legislation, competent prima facie evidence as to the existence of that fact, but *records of investigations and inquiries conducted either voluntarily or pursuant to requirement of law by public officers concerning causes and effects, and involving the exercise of judgment and discretion, expressions of opinion, and the making of conclusions, are not admissible in evidence as pub-*

*lic records.* This principle is not, however, universally applicable. It has been held that reports of a state engineer relative to water rights is a public document to be accepted as prima facie evidence. A determination by an immigration board that certain persons brought before the board were aliens is admissible in an action to recover the prescribed penalty for violating the contract labor provisions of the alien immigration act of 1907." (Italics ours.)

In a criminal action for embezzlement of a public school fund, the court, in *Bridges v. State,* 110 Ga. 246, 34 S. E. 1037, excluded the findings of a board of education's investigation because the report was made voluntarily. The court observed that such findings were not admissible either for or against the defendant.

Where a lessor sought to recover against his lessee for injury to the premises by fire, the court, in *Cawley v. Northern Waste Co.,* 239 Mass. 540, 132 N. E. 365, upheld the exclusion of a report made by the chief of the fire department concerning the cause of the fire.

In *Sandel v. State,* 126 S. C. 1, 119 S. E. 776, action for the wrongful death of two children caused by a contaminated anti-typhoid vaccine, was instituted. Plaintiff offered in evidence a report concerning the deaths directed to the state health officer and prepared by the director of laboratory. The court held that its admission constituted a prejudicial error, and stated:

"Since no authority can be implied from the nature of the State Health Officer's position to make an 'official record' of matters outside his personal knowledge and that of his subordinates, the report of Dr. Coward lacked the express sanction of law essential to impressing a report containing such hearsay matters with the probative dignity and value of an admissible official record."

In the case of *State v. Ray,* 88 Mont. 436, 294 Pac. 368, the defendant, a county treasurer, was charged

with the crime of grand larceny. Certified copies of a report and a supplemental report of the deputy state examiner were admitted in evidence. Defendant objected on the ground that they were not public documents because of the absence of express statutory authority. The court held against their admission for the reason that a deputy state examiner's report of an investigation is not a "public or official book or record" within the statute. In passing upon the question, the court remarked:

"We think the report of a deputy state examiner as to the result of his investigation of a county office, while possibly admissible for certain purposes in a proper case, is not a public or official book or record, within the meaning of section 10570 and that it is not admissible as evidence of the facts stated therein. The reports are simply intended for the guidance of the county commissioners and county attorney and, in themselves, are not a source of evidence as to the facts stated in them."

In an early Massachusetts railroad condemnation case, *Cushing v. Nantasket Beach R. Co.*, 143 Mass. 77, 9 N. E. 22, defendant offered in evidence a document of the United States Senate to show a report therein of a railroad survey made by the United States army engineers. In upholding the exclusion, the court stated:

"The acts of Major Raymond and assistant-engineer Bothfield, in surveying the headland in the town of Hull, cannot be called acts of state, nor are the facts stated in the reports public facts, in the sense that they are facts which the United States have, under the authority of law, undertaken to ascertain and make public for the benefit of all persons who may be interested to know them."

Thus, it will be seen that a report relating to a subject matter which cannot be called state acts or public facts because not made under authority of law for the

benefit of all persons is not admissible as a public document.

In *Big Thompson & Platte River Ditch Co. v. Mayne,* 36 Colo. 355, 91 Pac. 44, action was instituted for failure to divert and deliver certain irrigation waters. Because of a conflict in testimony of the amount of water available, plaintiff called the water commissioner. Over objection he was permitted to testify as to the contents of a book regarding the amount of the water in the river. The contents of the book contained the reports of two deputies. The court held that the admission of the testimony was prejudicial error.

That the presence or absence of express statutory authority is a determining factor in reported cases is clearly illustrated by the case of *Stockton v. Vote,* 76 Cal. App. 369, 244 Pac. 609. This was an eminent domain action wherein plaintiff city proposed to erect a flood control dam, and sought to condemn property owned by defendant. A report, prepared at the request of the state engineer some six years before the action regarding flood problems of the Calaveras river and containing statistics, tables, and maps, was admitted in evidence. In holding that the admission of the report was error, the court stated that it was not made in pursuance of the statutory duty enjoined by law and thus was not a public document.

In *Steiner v. McMillan,* 59 Mont. 30, 195 Pac. 836, action for an accounting in an alleged livestock partnership was brought. Plaintiff sought to introduce in evidence certain documents from the office file of the United States forestry office. Among other things, they consisted of a memorandum by a district ranger to the main office regarding the parties' application for a grazing permit and a copy of the notice from the office to the parties. The exhibits offered as public

documents were excluded. In upholding the exclusion rule, the court declared:

"To constitute a public record, it must be a written memorial made by a public officer, which he must be authorized by law to make. (34 Cyc. 586.) None of these papers come within this definition. They were not memorials, nor were they authorized or required to be kept by law. They were merely incidental to the administration of the affairs of the office. They were in the nature of correspondence and private memoranda of a public official, which, while they may relate to public records, do not in themselves constitute public records."

In *Birmingham v. Pettit*, 21 D. C. 209, a personal injury action was instituted because of a boiler explosion in defendant's factory. Plaintiff offered in evidence a report made by an official board of examiners as to the cause of the explosion. To sustain its position, plaintiff cited *Evanston v. Gunn*, 99 U. S. 660, 25 L. Ed. 306, relating to the admission of a weather report of the United States signal service. The court held that the report of the official board of examiners was properly excluded because it was a mere voluntary statement not made under any express authority.

In *Vallejo & Northern R. Co. v. Reed Orchard Co.*, 169 Cal. 545, 147 Pac. 238, action to condemn certain property of the defendant was commenced. A report of the state agricultural society, containing information and statistics concerning agricultural resources, was admitted in evidence. The court upheld its admission as a public document on the ground that the report was prepared by the state department in discharge of express statutory duty. This case illustrates the rule that a report prepared by a state department in accordance with express statutory authority will be admitted in evidence as a public document.

The court in *Commonwealth Irr. Co. v. Rio Grande*

*Canal Water Users Ass'n,* 96 Colo. 478, 45 P. (2d) 622, upheld the ruling on the admission of a water commissioners' report on file in the office of the state engineer. In this case, however, express statutory authority warranted the court in making its decision.

In a number of war risk insurance cases, the courts have upheld the admission of physical examination reports found in the files of the United States Veterans' Bureau when they were properly identified and a sufficient foundation was laid. *Runkle v. United States,* 42 F. (2d) 804; *United States v. Cole,* 45 F. (2d) 339; *McNally v. United States,* 52 F. (2d) 440; *United States v. Blackburn,* 53 F. (2d) 19.

The case of *Commonwealth v. Slavski,* 245 Mass. 405, 140 N. E. 465, 26 A. L. R. 281, involved the admissibility of a certificate of a public analyst relating to the alcoholic content of liquor. The state, in pursuance of express statutory authority, offered the certificate in evidence to show that defendant was guilty of a liquor violation. The court upheld its admission and the constitutionality of the statute. In its opinion, the court collected a number of authorities relating to the admission in evidence of various reports. On the whole, the authorities which upheld the admission of the reports may be distinguished from those excluding them on the ground of the presence or absence of statutory authorization. The court formulated the following summarization of the rule:

"The principle which seems fairly deducible from them [the authorities] is that a record of a primary fact, made by a public officer in the performance of official duty is or may be made by legislation competent *prima facie* evidence as to the existence of that fact, but that records of investigations and inquiries conducted, either voluntarily or pursuant to requirement of law, by public officers concerning causes and effects involving the exercise of judgment and discretion, ex-

pressions of opinion, and making conclusions are not admissible in evidence as public records. This principle may not be universally applicable and there may be exceptions, but it appears to be available in general as a practical working rule."

In order to be admissible, a report or document prepared by a public official must contain facts and not conclusions involving the exercise of judgment or discretion or the expression of opinion. The subject matter must relate to facts which are of a public nature, it must be retained for the benefit of the public and there must be express statutory authority to compile the report.

The exhibit in question meets none of these requirements except that of a statutory direction to prepare the report. Its content was the result of the exercise of judgment founded upon personal computations and opinions made by officials or employees of the department. The subject matter did not relate to facts of public interest. Moreover, the report was not retained for the public benefit, but was designed merely for the use of the department, its officials, and the various boards of county commissioners.

It was error to admit the document in evidence.

Appellant contends that the court should have granted his motion for judgment n. o. v., and entered judgment in his favor for a substantial sum. His counsel argue that by its verdict the jury fixed the responsibility for the accident upon respondent, and that the only question before the court was that of the adequacy of the damages. Counsel desired, as we understand their position, to have the court fix the amount of the damages that appellant should recover and then give respondent the opportunity to accept the award or consent to a new trial.

As authority for their contention, appellant's counsel

call our attention to Rem. Rev. Stat. (Sup.), § 399-1 [P. C. § 8225-1], which reads in part:

"If the trial court shall, upon a motion for new trial, find the damages awarded by a jury to be so excessive or inadequate as unmistakably to indicate that the amount thereof must have been the result of passion or prejudice, the trial court may order a new trial or may enter an order providing for a new trial unless the party adversely affected shall consent to a reduction or increase of such verdict, . . ." Laws of 1933, chapter 138, p. 482, § 2.

We are unable to agree with counsel for appellant.

Before the trial court would be justified in granting the motion, it would have to conclude that the verdict of the jury in denying general damages was influenced by passion and prejudice. In passing upon this question, the trial court stated in its memorandum decision:

"I cannot see how it would be proper for the Court to grant a new trial for the lack of an award of general damages unless it is able to conclude from the evidence and circumstances that the jury was affected by passion or prejudice in some way and did not conscientiously try to apply the measure of damages given by the Court. This conclusion, I am unable to reach in the instant case, . . ."

We have read the statement of facts and are unable to say that the trial court arrived at a wrong conclusion. On the other hand, it appears to us that his decision was entirely justified by the record.

The judgment is reversed, with instructions to grant a new trial.

ROBINSON, C. J., BEALS, MILLARD, and JEFFERS, JJ., concur.