R. H. WILLIAMSON, Plaintiff,

v.

UNION OIL COMPANY OF CALIFORNIA, a corporation; and United Geo-Physical Company, Inc., a corporation, Defendants.

Civ. No. 4306.

United States District Court
D. Colorado.

Nov. 8, 1954.

George M. Gibson, Colorado Springs, Colo., for plaintiff.

Bannister, Weller & Friedrich, Julius M. Friedrich, Denver, Colo., for defendants.

CHRISTENSON, District Judge.

At the pre-trial conference in this case there was offered in evidence as plaintiff's Exhibit 4 a printed volume entitled "Geology and Ground-Water Resources of Parts of Lincoln, Elbert and El Paso Counties, Colorado", written by Thad G. McLaughlin on the basis of field investigations by him and other representatives of the two agencies hereinafter mentioned, and prepared and published by the Colorado Water Conservation Board and the United States Geological Survey. Defendants objected to the admission of this exhibit on the ground that it was incompetent, being hearsay (reserving the right to make further objections at the time of the trial to the relevancy or materiality of any portion of the publication.) Its identification and authenticity as a publication of the agencies mentioned were conceded.

In order that the parties may know before the time of trial whether the Court will receive the exhibit or any part thereof over the objection of incompetency, so that substitute or contradictory evidence may be adduced as such ruling might dictate, I have undertaken to now decide the question.

If this publication is admissible, it is because it is an official writing or record; if not admissible as such under an exception to the hearsay rule, it would be incompetent as hearsay evidence, since it would be received, if at all, for the purpose of proving the statements there-

in contained and the declarant would not be available for cross-examination.

The Federal Rules of Civil Procedure, 28 U.S.C.A., provide that an official record or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by attested copy, certified as therein provided. Rule 44, F.R.C.P.

As above indicated, no question is raised concerning attestation, certification or publication. What we are concerned with is what the rule leaves open: whether the exhibit is admissible for any purpose as against the objection of incompetency.

■ As a general rule, where some enactment or law requires or authorizes a public official to make a certificate or written statement as to some matter or fact pertaining to, and as a part of, his official duty, such writing is competent evidence of the matter or fact therein recited. 32 C.J.S., Evidence, § 626, p. 477; 20 Am.Jur., "Evidence", Sec. 1023, pp. 861–2. This exception to the hearsay rule rests in part upon the presumption that a public officer charged with a particular duty has performed it properly, and upon the fact that public officers usually have no motive to suppress or distort the truth or to manufacture evidence.

■ There are qualifications to the foregoing rule, as there are to most rules. Records, even by public officers, which concern causes and effects, involving the exercise of judgment and discretion, expressions of opinions or the making of conclusions are not admissible as public records. This principle is not universally applicable, but it seems a practical working rule. Commonwealth v. Slavski, 245 Mass. 405, 140 N.E. 465, 29 A.L.R. 281; Steel v. Johnson, 9 Wash.2d 347, 115 P.2d 145; Franklin v. Skelly Oil Co., 10 Cir., 141 F.2d 568, 572, 153 A.L.R. 156. In the latter case, this circuit made the following comment concerning the report of a fire marshal on the cause of a fire in question.

"Here the written statement of the inspector was offered for the purpose of proving the primary issue of negligence in a private lawsuit, and upon its face it stated the bare opinion of the officer who made it. By its peculiar character and the circumstances under which it was offered, the trial court was justified in the exercise of his discretion not to admit it ex parte. The statement is not inadmissible because of its lack of authenticity or because it is not a public document subject to public inspection, but because the matter and things contained therein express merely the opinion of one whose official office and duty does not rise to the dignity of an adjudicator of causes and effects."

■ Another related qualification is that since official records are a substitute for the appearance of the public official himself, so far as records sought to be admitted in evidence deal with observed facts, ordinarily they should concern matters to which the official, himself, could have testified if called in person. Franklin v. Skelly Oil Co., supra; Vanadium Corporation of America v. Fidelity & Deposit Co. of Maryland, 2 Cir., 159 F.2d 105; United States ex rel. Tennessee Valley Authority v. Indian Creek Marble Co., D.C.E.D.Tenn., 40 F.Supp. 811.

Chapter 148–1–1 of the Colorado Revised Statutes of 1953 provides for the creation of the Colorado Water Conservation Board for the purpose of aiding in the protection and development of water "for the benefit of the present and future inhabitants of the state". Such Board is declared to be an agency of the State whose functions authorized by statute are declared to be governmental functions. Among the statutory duties of the Board as set out in Ch. 148–1–11, are to foster the development and utilization of waters of Colorado, to gather data looking toward the greater utilization of the waters of the State and the prevention of floods and for this purpose to make investigation and surveys, to

cooperate with the United States and the agencies thereof for the purpose of bringing about the greater utilization of the waters of the State of Colorado and the prevention of flood damages, and in general to take such action and have such powers as may be incidental to the powers specifically granted.

The investigation on which Exhibit 4 is based appears within the scope of the foregoing statutory authority. Having authority to make the investigation, not only as a basis for its own policies and action, but to foster and encourage the conservation, development and utilization of the waters of the State by public and private agencies, the authority of the Board to publish the results of such investigation alone, or in cooperation with agencies of the Federal Government, would seem to follow by implication.

■ Accordingly, the Court believes that Exhibit 4 is a public writing and does not come within the rule of United States v. One Device, Intended for Use as a Colonic Irrigator, etc., 10 Cir., 160 F.2d 194, applicable to scientific books or treatises, relied upon by the defendant. However, by reason of the qualifications indicated in Franklin v. Skelly Oil Co., supra, and other authorities cited, this does not mean that the entire publication may be received over defendant's objection. Generally speaking, the Court will admit only such parts thereof as are not mere conclusions or opinions of the author, and generally speaking, only such parts as could be received if tendered by the direct testimony of the author.

There may be data reflected in the author's studies of which he has not made first-hand observation but which, nevertheless, may be received in connection with his observations. There also may be expressions of opinion not directly related to the questions in issue before the Court or jury which I may have discretion to admit, depending on the particular material involved. In these areas, the Court must exercise the responsibility, expressed in Franklin v. Skelly Oil Co., supra, of determining whether the evidence meets the standard of trustworthiness and reliability which will entitle it to stand as evidence of an issuable fact absent the test of cross-examination. At the same time and consistent with this responsibility, I should endeavor to make the process of proof as convenient, expeditious and practical for the parties as the nature of the case reasonably will permit.

I am conscious that these general expressions leave lines of demarcation between the admissible and inadmissible somewhat uncertain. The difficulty seems inherent in the problem at the present time since the publication as a whole has been offered. It is anticipated that specific offers of portions thereof will be made by the plaintiff at the trial; specific rulings then will be announced in line with the foregoing principles. This statement, however, should enable counsel to anticipate the other evidence which they may desire to present, supplementing or contradicting, as the case may be, such material in plaintiff's Exhibit 4 as may be received.