[No. 24825-5-II. Division Two. December 15, 2000.]

SUZANNE BIERLEIN, ET AL., *Appellants*, v. THOMAS BYRNE, ET AL., *Respondents*.

---

*Darrel S. Ammons* (of *Walstead, Mertsching, Husemoen, Donaldson & Barlow, P.S.*), for appellants.

*Tracy M. Miller* and *Lawrence B. Ransom* (of *Karr Tuttle Campbell*), for respondents.

HUNT, J. — Four teachers appeal the trial court's summary judgment dismissal of their claims that their school district engaged in gender-based discrimination in their working conditions and job transfers. They also contend that the trial court erred in excluding Equal Employment Opportunity Commission (EEOC) determinations as hear-

say. The school district cross-appeals the trial court's denial of its motion for summary judgment on one teacher's retaliation claim. We affirm the trial court's exclusion of the EEOC determinations and the grant of summary judgment. We reverse the trial court's denial of summary judgment on the retaliation claim.

## FACTS RELEVANT TO EEOC RULING

Four longtime employees[1] (Teachers) of the Castle Rock School District sued the school district, district superintendent Dr. Bennett Acker, and middle school principal Thomas Byrne (collectively, the District) for gender discrimination, harassment, a "hostile work environment," and retaliation in violation of chapter 49.60 RCW. The Teachers alleged no specific facts in support of their general claims. In her retaliation claim, however, Suzanne Bierlein alleged that "as a direct result of pursuing claims against the School District ... [she] ... w[as] involuntarily transferred ... [and] wrongfully denied sick leave compensation." Cynthia Howard did not bolster her retaliation claim with similar specific facts; rather, she alleged only that "[she] has been subjected to undue punishment and received an unfavorable performance evaluation."

The trial court granted the District's motion in limine to exclude Equal Employment Opportunity Commission determination letters,[2] which contained the following conclusory "findings": (1) There was "reasonable cause" to believe Title VII had been violated with regard to all four gender discrimination claims; and (2) the District had retaliated against Bierlein and Judy Crayne "for opposing adverse treatment." The EEOC determination letters did

---

[1] Only Suzanne Bierlein, Cynthia Howard, and Deborah Lyon were employed as teachers. Judy Crayne was employed as an instructional aide. But for ease of reference, we will call them collectively "Teachers."

[2] In addition to the state law gender discrimination claims at issue here, the Teachers also filed claims with the Equal Employment Opportunity Commission, alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e-2000e-17) (Title VII).

not specify any discriminatory or retaliatory conduct by any named District defendant. Nor did they specify what evidence the EEOC had considered in rendering its decision. Moreover, with the exception of differing claimant names, all four EEOC determination letters were identical.

## ANALYSIS

### ADMISSIBILITY OF EEOC "REASONABLE CAUSE" DETERMINATIONS

The Teachers argue the trial court erred in excluding the EEOC's determinations that there was "reasonable cause" to believe the District had engaged in gender discrimination and retaliation. The admissibility of such EEOC determinations in a state discrimination case is an issue of first impression in this Division.

The Teachers contend that RCW 5.44.040[3] is our state's equivalent of Federal Rule of Evidence 803(8).[4] They cite federal cases holding that EEOC determinations are automatically admissible because their "probative value outweighs any prejudicial effect."[5] We disagree.

---

[3] RCW 5.44.040 provides:

Copies of all records and documents on record or on file in the offices of the various departments of the United States and of this state . . . , when duly certified by the respective officers having by law the custody thereof, . . . shall be admitted in evidence in the courts of this state.

[4] The Teachers point to the ER 803 committee comments about the relation of RCW 5.44.040 to the Federal Rule. Federal Rule of Evidence 803(8) provides that the following are *not* to be excluded as hearsay:

Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report . . . or (C) in civil actions and proceedings . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

[5] *See, e.g., Plummer v. W. Int'l Hotels Co.*, 656 F.2d 502 (9th Cir. 1981) (EEOC reports in Title VII actions admissible per se); *McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396 (5th Cir. 1985) (holding similarly). But the majority of federal cases hold to the contrary and have adopted the discretionary rule: *Johnson v. Yellow Freight Sys.*, 734 F.2d 1304 (8th Cir. 1984); *Nulf v. Int'l Paper Co.*, 656 F.2d 553 (10th Cir. 1981); *Walton v. Eaton Corp.*, 563 F.2d 66 (3d Cir. 1977); *Gillin v. Fed. Paper Bd. Co.*, 479 F.2d 97 (2d Cir. 1973); *Cox v. Babcock & Wilcox Co.*, 471 F.2d 13 (4th Cir. 1972); *Heard v. Mueller Co.*, 464 F.2d 190 (6th Cir. 1972).

First, the cited federal cases are based on Federal Rule of Evidence 803(8)(C), and they involve federal Title VII actions, not chapter 49.60 RCW actions. Second, Washington has not adopted a state version of Federal Rule of Evidence 803(8)(C). 4 Jack B. Weinstein & Margaret A. Berger, WEINSTEIN'S EVIDENCE § 803(8) (1991). On the contrary, the comments to ER 803(A)(8), state, "Federal Rule 803(8) is *deleted* . . . ." (Emphasis added.)

■ ■ Third, although the same comment to ER 803 mentions no "fundamental disagreement with the rule," which the advisors thought was adequately covered by statute and case law, the statute covers only the subjects of subsections (A) and (B) of Federal Rule of Evidence 803(8); it does *not* cover subsection (C) of Federal Rule of Evidence 803(8), investigative reports.[6] As the District correctly asserts, "Records admissible under RCW 5.44.040 must contain facts, not conclusions or opinions. . . ." (citing *Steel v. Johnson*, 9 Wn.2d 347, 358, 115 P.2d 145 (1941)). Citing *Steel*, our State Supreme Court has noted:

> [N]ot every public record is automatically admissible under [this] statute. . . . "In order to be admissible, a report or document prepared by a public official must contain *facts* and *not conclusions involving* the exercise of judgment or discretion or the *expression of opinion*."

*State v. Monson*, 113 Wn.2d 833, 839, 784 P.2d 485 (1989) (quoting *Steel v. Johnson*, 9 Wn.2d 347, 358, 115 P.2d 145 (1941)) (emphasis added).[7] *See also State v. C.N.H.*, 90 Wn. App. 947, 954 P.2d 1345 (1998).

---

[6] *See supra* note 4.

[7] The comments specific to Federal Rule of Evidence 803(8)(C) contemplate exceptions to this federal "per se admissibility" rule when the admissibility of an evaluative report is in issue:

> (c) The more controversial area of public records is that of the so-called "evaluative" report. The disagreement among the decisions has been due in part, no doubt, to the variety of situations encountered, as well as to differences in principle. . . .
>
> The formulation of an approach which would give appropriate weight to all possible factors in every situation is an obvious impossibility. Hence the rule,

The EEOC letters here are such "conclusions involving the exercise of judgment or discretion or the expression of opinion." They merely recite the director's conclusory opinion that probable cause existed to conclude that Title VII violations had occurred.[8] They contain no factual findings or references to specific evidence or documents the EEOC considered in reaching its conclusions.

In rejecting the findings as "conclusory hearsay," the trial court aptly noted, *"Any* consideration of [the EEOC] determinations would in effect substitute the judgment of the EEOC Director for my own." We agree with the trial court's reasoning and its reliance upon *Cantu v. City of Seattle*, 51 Wn. App. 95, 752 P.2d 390 (1988), the only Washington case to address the issue of admissibility of EEOC determinations in a state discrimination and retaliation claim. In *Cantu*, Division One refused to adopt a per se admissibility rule:

"While EEOC reports may contain information that would be useful to the jury, their probative value may be outweighed by problems that would result from their admission. . . . EEOC determinations are not homogenous products; they vary greatly in quality and factual detail. . . .

". . . Because substantial evidence was presented . . . on all matters summarized in the report, there is little probative value in the EEOC's conclusory statements regarding the same evidence. To admit the report under these circumstances would amount to admitting the opinion of an expert witness as to what conclusions the jury should draw, even though the jury had the opportunity and ability to draw its own conclusions from the evidence presented regarding disparate treatment."

*Cantu*, 51 Wn. App. at 98-99 (quoting *Johnson v. Yellow*

---

as in Exception [paragraph] (6), *assumes admissibility in the first instance but with ample provision for escape if sufficient negative factors are present.* (Emphasis added.)

[8] For example, in Bierlein's EEOC Determination letter, the EEOC district director noted that she "finds" reasonable cause to believe that Bierlein was adversely treated and the evidence leads to the "conclusion" that retaliation occurred.

*Freight Sys.*, 734 F.2d 1304, 1309 (8th Cir. 1984)).[9]

As in *Cantu*, the Teachers' claims are based on state statute, not Title VII. Similarly, the EEOC director's conclusory determinations recited no facts in support; and such conclusory findings are no substitute for a trial court's own independent determination on the law and facts. The EEOC determinations, therefore, do not fall within our state's statutory public records exception to the hearsay rule. ER 803(a)(8) and RCW 5.44.040. Therefore, we hold that these conclusory EEOC determinations are not public records automatically admissible under RCW 5.44.040, and we affirm the trial court's exclusion of the EEOC "findings" as evidence in support of the Teachers' claims of discrimination.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

ARMSTRONG, C.J., and SEINFELD, J., concur.

---

[9] We do not, however, adopt the discretionary admissibility standard announced in *Cantu*. Rather, we find that evaluative and investigative reports (especially the EEOC Board's conclusory opinions here) are not included within RCW 5.44.040's designated exceptions to the hearsay rule.