UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard Duncan PEARSON,
Defendant-Appellant.

No. 74–2144
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1975.
Rehearing Denied April 1, 1975.

* Rule 18, 5 Cir.;  See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Joseph Mincberg, Miami, Fla. (Court-appointed), for defendant-appellant.

Terence M. Brown, U. S. Dept. of Justice, Washington, D. C., Robert W. Rust, U. S. Atty., Miami, Fla., Terence M. Brown, Washington, D. C., for plaintiff-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges:

PER CURIAM:

Appellant Richard Duncan Pearson seeks reversal of his conviction for conspiracy to affect interstate commerce by robbery of the Doral Beach Hotel in Miami Beach, Florida, in violation of the Hobbs Act, 18 U.S.C. § 1951. He alleges the required interstate nexus for federal jurisdiction was not shown, that he was prejudiced by introduction of certain evidence, and that he was denied a fair trial when the court refused to grant his motion for a severance. We find these contentions to be without merit and affirm the conviction.

Appellant and eight others were indicted for conspiracy to rob the safety deposit boxes of the Doral Beach Hotel in Miami Beach, Florida. In late 1972 two deputy sheriffs of the Dade County Public Safety Department began working in an undercover capacity at the Doral Beach Hotel posing as corrupt security men. They first met the defendant Washington who introduced them to appellant and Sheley. Appellant indicated to them he was interested in robbing the safety deposit boxes in the hotel. A system was set up whereby messages could be relayed through Washington using code names. Several meetings to plan the robbery were held in early February, 1973. At one of these meetings Sheley exhibited a .22 Hi-Standard Magnum Derringer, and Pearson a .38 revolver.

The plan was that six men with silencer pistols would enter the lobby and round up the guests and employees; one man would stand at the front door with a police radio to monitor such calls, and two others would break into the boxes. Pearson and Sheley were arrested on unrelated charges on February 10, but Washington continued the plan. Other defendants came into town in late February and were arrested after assisting in the plans.

After a mistrial in January, 1973, appellant, Washington, Rinaldi, and Sole were tried in March. All were found guilty. The three codefendants were also found guilty in state court.

Appellant argues there was insufficient evidence to support federal jurisdiction under the Hobbs Act. For this purpose the government offered approximately 1000 guest registration cards. There was no objection though appellant now complains they are hearsay. Where there is no objection to hearsay the jury may consider it for whatever value it may have. Smith v. United States, 5

Cir., 1965, 343 F.2d 539; Newsom v. United States, 5 Cir., 1964, 335 F.2d 237.

■ Even if objected to, the cards would have been admissible under the business records exception to the hearsay rule, 28 U.S.C. § 1732. The cards were made in the regular course of business. The information supplied by the guests was required to be verified, which verification was checked by the desk clerk. Any objection to the information on the cards would go to the weight of the evidence, not its admissibility. The evidence established that this hotel entertained a large number of out of state visitors, thus establishing the required interstate nexus. Only slight evidence is required to show an interference with interstate commerce. Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). This point lacks merit.

Appellant next alleges he was denied a fair trial because one of the undercover officers testified that at one of the meetings he saw appellant armed with a .38 revolver which he was displaying, and from which he wiped fingerprints. Appellant alleges this testimony was totally unrelated to the charges at hand and was introduced only to show the jury that he was a bad man.

■ The testimony tended to corroborate the government's version of the robbery plan, that the men, including appellant, would be using pistols equipped with silencers. The trial court has great discretion in passing on the admissibility of evidence, and its determination will not be disturbed absent a clear showing of abuse. United States v. Pentado, 5 Cir., 1972, 463 F.2d 355. The testimony was relevant and properly admitted.

■ Appellant's other complaint on this point, that the jury was informed of his arrest on February 10 is also without merit. He did not object to this testimony. To the contrary, he attempted to use it to his advantage by arguing that this arrest precluded the jury from considering subsequent evidence against him.

■ Finally, appellant argues the court should have granted his motion to sever because much of the testimony at trial concerned events after his arrest, and thus he was prejudiced in the eyes of the jury. The grant or denial of a severance is discretionary with the trial court and will not be disturbed in the absence of a clear showing of abuse. United States v. Bryant, 5 Cir., 1974, 490 F.2d 1372. Appellant argues he made such a showing because the jury could not differentiate from the evidence admissible against his codefendants and not against him.

■ Appellant's acts up to February 10, 1973, were sufficient to show participation in a conspiracy to rob the Doral Beach Hotel. He originated the plan for the robbery, which was continued by his associates. Once evidence of a conspiracy is shown, and that a party participated in it, the acts of his coconspirators done in furtherance of the conspiracy are attributable to him and he becomes equally liable for them. United States v. Perez, 5 Cir., 1973, 489 F.2d 51; United States v. Warner, 5 Cir., 1971, 441 F.2d 821.

■ Appellant argues, however, that by virtue of his arrest he withdrew from the conspiracy. Such a contention was rejected by the Supreme Court in Hyde v. United States, 225 U.S. 347, 369, 32 S.Ct. 793, 803, 56 L.Ed. 1114 (1912). "Having joined in an unlawful scheme, having constituted agents for its performance, scheme and agency to be continuous until full fruition be secured, until he does some act to disavow or defeat the purpose he is in no situation to claim the delay of the law". The burden of establishing withdrawal lies on the defendant. United States v. Borelli, 2 Cir., 1964, 336 F.2d 376, 388, and the citations therein. Appellant made no showing of affirmative action that he withdrew from the conspiracy. The motion to sever was properly denied.

A review of the record reveals no errors of law.

Affirmed.