[No. 6718-4-I.   Division One.   May 19, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. JO ELLIOTT THARP, *Appellant.*

*Philip E. Sharpe, Jr.,* and *Flynn, Adelstein & Sharpe,* for appellant (appointed counsel for appeal).

*David S. McEachran, Prosecuting Attorney,* for respondent.

WILLIAMS, J.—In a trial to the court with a jury, Jo Elliott Tharp was convicted of taking a motor vehicle without permission, a class C felony, RCW 9A.56.070. Following the conviction, Tharp was adjudged a habitual criminal, RCW 9.92.090. He appeals; we reverse and remand for a new trial.

The essential facts are that a car was stolen in Bellingham some time during the night of March 30, 1978. That same night, someone registered at a Seattle motel as "Jay Elliott T. 5106 Gide Meridian, B.Ham, 98225" driving a Chevrolet automobile with a Washington license plate identifying the vehicle as the stolen car. Four days later, Tharp was arrested in Deer Lodge, Montana, while driving the same car.

Tharp's principal contention is that the court erred in admitting into evidence the Seattle motel registration slip which tended to establish that he was in possession of the vehicle within 24 hours of the time it was taken. Although hearsay, the slip was admitted under the exception created by the Uniform Business Records as Evidence Act, RCW 5.45.020. That act provides:

> A record of an act, condition or event, shall in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

Tharp argues that the "sources of information" do not justify admission of the record when it is the motel guest who supplies the unverified information recorded on the motel registration slip.

In *State v. White,* 72 Wn.2d 524, 530, 433 P.2d 682 (1967), the Supreme Court said:

> Although the Uniform Business Records as Evidence Act allows regularly kept business records in evidence when proof that their custody, control and making shows prima facie that they are maintained in the regular course of business, the statute ipso facto does not render admissible such parts of the records as are otherwise excludable under well–established rules of evidence. . . . In short, although the Uniform Business Records as Evidence Act establishes a statutory exception to the common–law rule against hearsay evidence, it does not in all respects render admissible evidence contained in the records which should ordinarily be excluded.

If the hearsay goes to the heart of an issue at trial so that, when believed by the jury, it could be regarded as proof on that issue, the hearsay should be rejected. *State v. White, supra.*

The motel registration slip went right to the heart of the issue of whether Tharp had the automobile in his possession shortly after it was stolen. There was no evidence that the record was reliable. The motel clerk who registered the guest did not testify and there was no evidence that he verified the identity of the guest. Tharp was not personally identified nor was the handwriting on the slip identified as his. In the absence of any independent evidence connecting Tharp with the guest who registered at the motel, the "sources of information" for the registration slip do not justify its admission. *See United States v. Scallion,* 533 F.2d 903 (5th Cir. 1976); *United States v. Pearson,* 508 F.2d 595 (5th Cir. 1975); *United States v. Greiser,* 502 F.2d 1295 (9th Cir. 1974). Admission of the registration slip was prejudicial error. *State v. Craig,* 82 Wn.2d 777, 784–85, 514 P.2d 151 (1973).

The habitual criminal judgment is vacated.

Reversed and remanded for a new trial.

CALLOW, C.J., and DURHAM–DIVELBISS, J., concur.

Reconsideration denied August 21, 1980.

Review denied by Supreme Court November 7, 1980.