[No. 10100-5-I.   Division One.   September 7, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES MICHAEL BARRINGER, *Appellant.*

*Gibbs, Douglas, Theiler, Yaroshefsky & Drachler* and *Paul Drachler,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Kathryn Goater, Deputy,* for respondent.

CORBETT, J.—James Michael Barringer appeals his judgment and sentence for uttering a false or forged prescrip-

tion for a controlled substance, contrary to RCW 69.50-.403(a)(5). We reverse.

A pharmacist identified the defendant from a photo montage and at trial as the customer who had asked him to fill the forged prescription on June 14, 1980. He testified that the name on the prescription was James Barringer and that the customer had produced two identification cards: a Lockheed identification card bearing a color photograph, and a bank card. After comparing the customer's features with the photograph, he concluded that the identification was valid, recorded the identification numbers and filled the prescription. The physician whose name appeared on the prescription testified that the defendant was not his patient and that he had not written the prescription.

In an effort to show mistaken identity, the defendant sought to admit certain business records of Lockheed through a witness who would testify that defendant had reported the identification badge lost before the prescription. was presented. The court refused to admit the proffered evidence. However, it did permit a representative from Lockheed to testify that when the defendant terminated employment on May 2, 1980, he turned in his identification badge. On cross examination the representative testified that the defendant may have been issued up to three separate Lockheed identification cards and that he turned in only one card on May 2. The defendant also offered, and the court refused, testimony by a record custodian of the Washington Mutual Savings Bank and an affidavit of lost pass card which recorded a reported loss of his card on June 4, 1980, 10 days prior to the alleged offense. Defendant assigns error to the exclusion of the Lockheed and bank business records, which he claims are substantive evidence of his lost identification.

██ Our Uniform Business Records as Evidence Act[1]

---

[1]RCW 5.45.020 provides:

"A record of an act, condition or event, shall in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity

does not render admissible material contained in such records which would otherwise be inadmissible. *Benjamin v. Havens, Inc.,* 60 Wn.2d 196, 201, 373 P.2d 109 (1962). If hearsay in a business record goes to the heart of an issue at trial so that, when believed by the jury, it could be regarded as proof on that issue, the hearsay should be rejected. *State v. White,* 72 Wn.2d 524, 530, 433 P.2d 682 (1967); *State v. Tharp,* 26 Wn. App. 184, 186, 612 P.2d 11 (1980). That defendant reported the loss of his bank card and his employee badge is hearsay as to the issue of whether he actually lost those items. The ruling of a trial judge in admitting or excluding business records is to be given much weight and will not be reversed unless there has been a manifest abuse of discretion. *Seattle v. Heath,* 10 Wn. App. 949, 955, 520 P.2d 1392 (1974); *Cantrill v. American Mail Line, Ltd.,* 42 Wn.2d 590, 608, 257 P.2d 179 (1953). The trial court did not commit a manifest abuse of discretion by excluding this evidence.

At the close of the State's case, defense counsel moved to exclude impeachment evidence of the defendant's prior convictions for robbery and altering the face of a money order. The motion was denied and the defendant did not testify. Defendant assigns error to the denial of this motion.

■ If the defendant had taken the stand, his credibility would have been at issue. The conviction for altering the face of a money order would have been admissible under ER 609(a)(2).[2] The 1972 robbery conviction would have

and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

[2]ER 609(a) provides:

"**General Rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment."

been admissible under ER 609(a)(1) if the court had determined that its probative value outweighed its prejudicial effect to the defendant. In this case, the trial court did not make that determination on the record. The defense and the State both presented argument pertaining to the trial court's exercise of its discretion as required by ER 609(a)(1). The trial court thereafter ruled: "It does appear both [convictions] would be admissible under Rule 609." After thoroughly reviewing the record, we find little or no reference to the pertinent factors listed in *State v. Alexis,* 95 Wn.2d 15, 19, 621 P.2d 1269 (1980). The mere conclusion of a trial court that the probative value of the evidence outweighs the prejudice to the defendant is not enough to demonstrate a proper exercise of discretion. *State v. Moore,* 29 Wn. App. 354, 364, 628 P.2d 522 (1981). Although it is not necessary for the trial court to state its reasons for ruling on the admissibility of prior convictions for impeachment purposes, it is helpful for appellate review if the trial court articulates on the record the factors considered in balancing admissibility against prejudice. *State v. Thompson,* 95 Wn.2d 888, 893, 632 P.2d 50 (1981). If this issue arises upon retrial, the trial court should consider the factors suggested by *Alexis.*

■ Defendant also contends that the certified copy of the conviction for altering the face of a money order did not show that he was afforded counsel. He claims he could not be properly impeached by a constitutionally flawed conviction. We find no indication that this objection was raised at trial and will not consider it for the first time on appeal. RAP 2.5(a); *State v. Wicke,* 91 Wn.2d 638, 642, 591 P.2d 452 (1979).

■■ Shortly before trial, the pharmacist recalled that on April 24, 1980, he had filled two other forged prescriptions for the defendant. He was allowed to testify to that effect. The defendant made a motion for a continuance to rebut the newly disclosed evidence, which was denied. Defendant assigns error to admission of this evidence and the denial of a continuance. A defendant must be tried for

the offenses charged, and evidence of unrelated conduct should not be admitted unless it goes to the material issues of motive, intent, absence of accident or mistake, common scheme or plan, or identity. *State v. Bouchard,* 31 Wn. App. 381, 384, 639 P.2d 761 (1982); *State v. Goebel,* 36 Wn.2d 367, 368–69, 218 P.2d 300 (1950). ER 404(b).[3] A continuance rests in the sound discretion of the trial judge, to be disturbed only if there has been a manifest abuse of discretion. *State v. Henderson,* 26 Wn. App. 187, 190, 611 P.2d 1365 (1980); *State v. Eller,* 84 Wn.2d 90, 95, 524 P.2d 242 (1974). The trial court did not err by finding the evidence to be relevant and admissible or by denying the motion for a continuance.

Defendant was charged with violation of RCW 69.50-.403(a)(5):

(a) It is unlawful for any person knowingly or intentionally:

. . .

(5) To make or utter any false or forged prescription

. . .

The information alleged that the prescription was for a controlled substance and the State proposed instructions 4[4] and 6 to that effect. The defendant objected to both instructions and now assigns them as error.

■■ Defendant argues that the State failed to prove Valium was a controlled substance. Although the charging

---

[3]ER 404(b) provides:

"**Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[4]Instruction 4 reads, in pertinent part:

"To convict the defendant James Michael Barringer of the crime of Violation of the Uniform Controlled Sibstances [*sic*] Act, as charged in Count I, each of the following elements of the crime must be proved beyond a reasonable doubt:

"(1) That on or about the 14th day of June 1980, the defendant knowingly or intentionally uttered a false or forged prescription for a controlled substance, to–wit: valium."

statute, RCW 69.50.403(a)(5), did not require reference to a controlled substance, by including that reference in the information and in the instructions, it became the law of the case and the State had the burden of proving it. *State v. Worland*, 20 Wn. App. 559, 565–66, 582 P.2d 539 (1978). Despite the lack of explicit testimony, the jury could have reasonably inferred that Valium is a controlled substance from the testimony of the pharmacist. However, the court in instruction 6 told the jury: "Valium, also known as diazepam, is a controlled substance." Diazepam is the name of the substance listed in Schedule IV, RCW 69.50-.210(c)(7). There was no testimony that Valium is also known as diazepam. Instruction 6 was a comment on the evidence, contrary to our state constitution.[5] The trial court was in error by giving instruction 6 which prohibited the jury from considering the evidence or lack of evidence concerning what had become a material element of the charge.

Reversed and remanded for a new trial.

JAMES and PETRICH, JJ., concur.

---

[5]Const. art. 4, § 16 provides:

"Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law."