[No. 13764-6-I.   Division One.   May 6, 1985.]

THE CITY OF KIRKLAND, *Respondent,* v. KEVIN E. O'CONNOR, *Petitioner.*

*Raymond H. Thoenig* and *Eric J. Nielsen* of *Washington Appellate Defender Association,* for petitioner (counsel for appeal only).

*Ralph I. Thomas, City Attorney,* and *James Phippard, Assistant,* for respondent.

CORBETT, C.J.—Kevin E. O'Connor seeks review of the decision affirming his conviction for driving while intoxicated. This court has accepted review pursuant to RAP 2.3(d). We reverse and remand for a new trial in district court.

O'Connor was convicted by a jury in Northeast District Court of driving while intoxicated. At the time of the arrest, O'Connor was not given a Breathalyzer test to determine the quantity of alcohol in his blood. The district court judge sua sponte instructed the jury:

> You are not to draw any conclusions or inferences whatsoever from the absence of a breathalyzer test result in this case nor are you to speculate on the reasons for the absence of such a test result.

Instruction 7. O'Connor timely objected to the giving of the instruction, and the court responded by stating the instruction was based on its experience that juries had in some cases speculated why there was no evidence of a Breathal-

yzer test result. The judgment entered upon the jury verdict was affirmed on appeal to the superior court. We granted discretionary review pursuant to RAP 2.3(d).

■ Article 4, section 16 of the Washington State Constitution provides:

Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law.

The purpose of this provision is to prevent the jury from being influenced by the judge's opinion of the evidence that has been presented. *State v. Jacobsen,* 78 Wn.2d 491, 495, 477 P.2d 1 (1970). For an instruction to violate this provision, "it must convey or indicate to the jury a personal opinion or view of the trial judge regarding the credibility, weight or sufficiency of some evidence introduced at the trial." *State v. Owen,* 24 Wn. App. 130, 134, 600 P.2d 625 (1979). The facts and circumstances of each case will determine whether or not the comment was improper. *Owen,* at 134.

In this case, the questioned instruction concerned evidence which was *not* admitted at trial. In giving the instruction, the court was reacting to its apprehension of widespread public knowledge about Breathalyzers and speculation by jurors as to why, in some cases and not in others, Breathalyzer test results are admitted into evidence. Although the desire to avoid confusion was commendable, it was possible that the jury understood the instruction to mean it was not to consider that the evidence might be insufficient without a Breathalyzer test result. The instruction prohibited the jury from considering a lack of evidence about a material element of the charge, to wit, intoxication, and therefore was a comment upon the evidence. *See State v. Barringer,* 32 Wn. App. 882, 888, 650 P.2d 1129 (1982).

Moreover, instruction 3 read in part: "A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence." Instructions must be read as a whole. *State v. Roth,* 30 Wn. App. 740, 748, 637 P.2d 1013 (1981). Read together, instructions 3 and 7 permitted

the jury to believe that the court wanted them to give the City the benefit of the doubt concerning the absence of a Breathalyzer to demonstrate intoxication.

Reversed and remanded to the District Court for a new trial.

SWANSON and WEBSTER, JJ., concur.