[No. 21208–7–I.   Division One.   April 17, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. GILBERT
MONSON, *Petitioner*.

*Suzanne L. Elliott* of *Associated Counsel for the Accused,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Carol Spoor, Scott Peterson, Donald Raz,* and *Pamela Mohr, Deputies,* for respondent.

FORREST, J.—Gilbert Monson was convicted in district court for driving while his license was suspended. The conviction was sustained on appeal to the superior court. The matter is before this court pursuant to the granting of discretionary review. We affirm.

Monson was arrested on October 25, 1985, for driving while license suspended or revoked and of driving while license expired. The Department of Licensing subsequently sent the arresting officer a certified copy of Monson's driving record. At trial, the original certified copy of the driving record was admitted into evidence. Monson's driving record indicated his driving privilege was suspended, effective October 15, 1985. He was found guilty as charged. Monson was subsequently sentenced and a RALJ appeal was filed. The Superior Court affirmed his conviction. This petition presents four questions: (1) Can a certified copy of a driving record (CCDR) from the Department of Licensing properly be admitted into evidence under RCW 5.44.040?; (2) Was the petitioner's CCDR properly certified?; (3) Was the

petitioner's right of confrontation violated by admission of his CCDR?; and (4) Even if otherwise admissible, was the defendant's CCDR inadmissible because it went to "the heart of the issue at trial"? We answer the first two questions affirmatively and the last two negatively.

### ADMISSIBILITY OF A CCDR AS A PUBLIC RECORD

Washington did not adopt Fed. R. Evid. 803(8), which excepts certain public records from the operation of the hearsay rule. Instead, ER 803(a)(8) is reserved and refers to RCW 5.44.040 (entitled "Certified copies of public records as evidence"), which provides as follows:

> Copies of all records and documents on record or on file in the offices of the various departments of the United States and of this state, when duly certified by the respective officers having by law the custody thereof, under their respective seals where such officers have official seals, shall be admitted in evidence in the courts of this state.

Read literally, this would make admissible all such public records and documents regardless of their content. No court has so broadly construed this section. Instead, Washington courts have interpreted the statute to require analysis of the proffered document under traditional common law rules to determine admissibility. As stated in *Steel v. Johnson*, 9 Wn.2d 347, 358, 115 P.2d 145 (1941):

> In order to be admissible, a report or document prepared by a public official must contain facts and not conclusions involving the exercise of judgment or discretion or the expression of opinion. The subject matter must relate to facts which are of a public nature, it must be retained for the benefit of the public and there must be expressed statutory authority to compile the report.

*See also State v. Bolen*, 142 Wash. 653, 658–59, 254 P. 445 (1927).

Recently, several opinions have interpreted RCW 5.44-.040 to be an "authentication statute." *State v. Dibley*, 38 Wn. App. 824, 691 P.2d 209 (1984), *review denied*, 103 Wn.2d 1016 (1985); *Kaye v. Department of Licensing*, 34

Wn. App. 132, 659 P.2d 548 (1983). As succinctly stated, "[a] document can be what it purports to be and still be unreliable hearsay." *Dibley,* at 828–29. We agree with this interpretation. However, we believe documents may also be admitted under RCW 5.44.040 if they meet the traditional common law requirements as stated in *Steel.*

We do not share the concern expressed in *Dibley,* at 828 n.4, that the adoption of the Washington Rules of Evidence may have modified the effect of RCW 5.44.040 as a codification of the public records exception to the hearsay rule. This interpretation is inconsistent with the comment of the Judicial Council Task Force as to ER 803(a)(8), which reads:

> Federal Rule 803(8) is deleted, not because of any fundamental disagreement with the rule, but because the drafters felt that the subject matter was adequately covered by the statute [RCW 5.44.040] and *decisions already familiar to the bench and bar.*

(Italics ours.) As the comment suggests, the Washington Supreme Court did not intend by mere nonadoption of the federal rule to eliminate the public records exception, which has been long a part of Washington jurisprudence, and is deeply embedded in the American and English legal systems. Such a result would mean that public documents could be admitted only when kept in the regular course of business pursuant to RCW 5.45.

We agree with *State v. Malone,* 9 Wn. App. 122, 130, 511 P.2d 67, *review denied,* 82 Wn.2d 1011 (1973), which upheld the admission of a driving record under the public document exception, stating:

> Public records, when duly certified, may be admitted in evidence in the courts of this state. *See* RCW 5.44.040. This exception to the hearsay rule has long been recognized in this state. *State v. Bolen,* 142 Wash. 653, 254 P. 445 (1927); *Steel v. Johnson,* 9 Wn.2d 347, 115 P.2d 145 (1941). This is so even though the authenticity of such documents cannot be confirmed by the usual tests of veracity, including cross–examination of the parties on whose authority the truth of the documents depends.

In our view, a CCDR is a classic example of a public record kept pursuant to statute, for the benefit of the public and available for public inspection. *See* RCW 46.52.100. Typically, as in this case, it contains neither expressions of opinion nor conclusions requiring the exercise of discretion. Accordingly, we hold that the petitioner's CCDR was properly admitted under RCW 5.44.040.

### PROPER CERTIFICATION OF A DRIVING RECORD

Monson claims that his driving record was not "duly certified" as required by RCW 5.44.040. He relies on the fact that it does not contain a certification or declaration "under penalty of perjury" as authorized by RCW 9A.72.085. This statute by its terms was clearly drafted to substitute an unsworn certification or declaration "under penalty of perjury" for the traditional sworn statement before a notary public.

RCW 9A.72.085, however, is purely permissive. It states:

[T]he matter *may* with like force and effect be supported, evidenced, established, or proved in the official proceeding by an unsworn written statement, . . . which:
    (1) Recites that it is certified or declared by the person to be true under penalty of perjury;

(Italics ours.) Furthermore, neither this statute nor RCW 5.44.040 reference each other. Hence, proper certification of a public document through other reliable means is not precluded.

In *State v. Hodge*, 11 Wn. App. 323, 523 P.2d 953 (1974), the court approved admission of certified copies of records from the Department of Motor Vehicles. The documents carried the imprint of the official seal of the Department and were signed by the acting supervisor of the DMV records section. *See also Brewer v. Department of Motor Vehicles*, 23 Wn. App. 412, 595 P.2d 949 (1979) (court approved admission of a certified copy of the arresting officer's report although the exhibit contained a certification from the legal custodian of records but no affidavit or

statement under penalty of perjury); *State v. Lee,* 87 Wn.2d 932, 558 P.2d 236 (1976).[1] In this case, the cover letter was signed by Deborah L. Brittain–Mertins, custodian of records. Monson's CCDR was properly certified.

## RIGHT OF CONFRONTATION

Monson asserts that admission of his driving record deprived him of his right of confrontation under the sixth amendment to the United States Constitution and Const. art. 1, § 22 (amend. 10). As stated by the United States Supreme Court in *Ohio v. Roberts,* 448 U.S. 56, 66, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980):

> In sum, when a hearsay declarant is not present for cross–examination at trial, the Confrontation Clause *normally* requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate "indicia of reliability." *Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception.*

(Italics ours) *See also State v. Terrovona,* 105 Wn.2d 632, 642–43, 716 P.2d 295 (1986); *State v. Parris,* 98 Wn.2d 140, 145, 654 P.2d 77 (1982); *State v. Anderson,* 107 Wn.2d 745, 750–51, 733 P.2d 517 (1987).[2]

■ In analyzing the requirements of the *Roberts* case, we first note that underlying the public records exception is the presumed reliability of regularly kept records. The public records exception finds justification in the sound assumption that a public official will properly perform his

---

[1] We further note that ER 902 ("Self–Authentication"), ER 1005 ("Public Records") and CR 44 ("Proof of Official Record"), which relate to the admissibility of public records, do not require that the certification be in sworn affidavit form, nor that it be accompanied by a declaration that it was made under penalty of perjury.

[2] The recent Supreme Court case of *United States v. Inadi,* 475 U.S. 387, 394, 89 L. Ed. 2d 390, 106 S. Ct. 1121 (1986) may presage some retreat from the unavailability requirement of *Roberts.* Although the Washington Supreme Court has cited *Inadi* with approval, it has reserved judgment on whether a showing of unavailability is required before hearsay can be admitted in a criminal trial. *State v. Hieb,* 107 Wn.2d 97, 107–08, 727 P.2d 239 (1986). We do not rely on *Inadi* to reach our decision.

duties and is not likely to remember details independent of the record. *See* Fed. R. Evid. 803(8) Advisory Committee Note; R. Aronson, *Evidence in Washington,* VIII–58 (1986); E. Cleary, *McCormick on Evidence* § 315 (3d ed. 1984); *Grant v. Fisher Flouring Mills Co.,* 190 Wash. 356, 366, 68 P.2d 210 (1937). Hence, producing custodians of public records for cross examination when such a record is offered would be unproductive. These considerations and a long history make the public records exception "firmly rooted."

Washington cases have permitted the admission of such records, finding no violation of the confrontation right. In *State v. Bolen,* 142 Wash. 653, 254 P. 445 (1927), the court approved the trial court's admission into evidence of copies of the War Department's fingerprint record to establish a victim's identity. The court stated:

> The mere fact that [fingerprint records] are kept as they are is *prima facie* proof of their genuineness. The circumstances themselves show the necessity for the adoption of such a rule. The war department has, of course, taken the finger prints of many hundreds of thousands of enlisted soldiers. These have actually been taken by many subordinates who are now scattered throughout the world, and may of whom are dead. Unless the very manner of keeping these things is proof in itself of the recited facts, then they would be of very little value.

*Bolen,* at 663.

In *State v. Kreck,* 86 Wn.2d 112, 542 P.2d 782 (1975), the court approved admission of a laboratory report under the uniform business records act (RCW 5.45), rather than under the official record act (RCW 5.44.040). This indicates the close relationship between the two exceptions. However, RCW 5.44.040 is more broadly phrased and less restrictive than RCW 5.45. The court noted the right of confrontation is subject to exceptions, including admission of documentary evidence, so long as the purpose of the hearsay rule is not hindered. *Kreck,* at 116–17. The court specifically mentioned the exception to the right of confrontation when a competent public record of probative value is introduced.

*Kreck,* at 117, quoting *Commonwealth v. Slavski,* 245 Mass. 405, 415, 140 N.E. 465, 468, 29 A.L.R. 281 (1923).

Irrespective of what indicia of reliability or standards of unavailability are appropriate for oral hearsay statements under other hearsay exceptions, we find public records to be reliable and a showing of unavailability prior to their admission unnecessary. When such records contain expressions of opinion or conclusions which require the exercise of judgment or discretion, an additional basis for their admission may be required. In this case, the admission of Monson's CCDR did not violate his confrontation right.

### EVIDENCE AT "THE HEART OF AN ISSUE ON TRIAL"

Monson contends that even if otherwise admissible, the CCDR must be excluded, because it violates the "rule" that makes inadmissible hearsay that goes "to the heart of an issue on trial", citing *State v. White,* 72 Wn.2d 524, 530, 433 P.2d 682 (1967). *State v. Tharp,* 26 Wn. App. 184, 186, 612 P.2d 11 (1980) and *State v. Barringer,* 32 Wn. App. 882, 885, 650 P.2d 1129 (1982) are cited as additional authority. Fortunately, the history of this "rule" is brief in Washington, and nonexistent elsewhere, so we will analyze each of the cases cited.

We first turn to *State v. White,* 72 Wn.2d 524, 433 P.2d 682 (1967), the source of the "rule". Here, the trial court admitted certain hospital and medical records, pursuant to RCW 5.45.020, which contained the 8–year–old victim's narrative account of the details of the alleged rape. In reversing, the court reasoned:

> Although the Uniform Business Records as Evidence Act allows regularly kept business records in evidence when proof that their custody, control and making shows prima facie that they are maintained in the regular course of business, the statute ipso facto does not render admissible such parts of the records as are otherwise excludable under well–established rules of evidence. If regularly maintained under a prearranged and established scheme, business records may be admitted to show the occurrence

of events, conditions, conduct and status of things existing or occurring contemporaneously with the making of the records, but they are not admissible as a narrative of occurrences antedating the making of the notations. In short, although the Uniform Business Records as Evidence Act establishes a statutory exception to the common–law rule against hearsay evidence, it does not in all respects render admissible evidence contained in the records which should ordinarily be excluded. See Luvera, Jr., *Demonstrative Evidence Problems in a Personal Injury Case,* 2 Gonzaga L. Rev. 77, 85 (1967); *Benjamin v. Havens, Inc.,* [60 Wn.2d 196, 373 P.2d 109 (1962)]. The courts, in deciding what parts, if any, of the records offered shall be expunged, must analyze the probable effects of the hearsay. If the proof of the facts in issue is great and the hearsay merely cumulative and so incorporated into and interspersed with the records that its removal will substantially mutilate the records or deprive them of integrity and continuity, the admission may be considered nondamaging and the court may, rather than effectually destroy valuable evidence, receive the records in evidence.

If, however, the *hearsay contents* goes to the heart of an issue on trial so that when believed by a jury it could logically be regarded as proof of the affirmative or negative of an issue, the hearsay should be rejected or expunged, even if in doing so the records must necessarily be mutilated or rendered incoherent.

(Italics ours) *White,* at 530.[3] It is the last paragraph which is quoted as a basis for the "rule".

Clearly, "hearsay contents" (italicized above) refers to the victim's narrative account, contained in the records, and not to the records themselves. Therefore, the case does not provide the basis for a general rule excluding all hearsay which goes to the heart of an issue on trial. It merely states the requirement that admission of additional hearsay within a business record, which cannot be admitted under RCW 5.45.020 alone, must be independently justified. *See*

---

[3]*Benjamin v. Havens, Inc.,* 60 Wn.2d 196, 373 P.2d 109 (1962), relied on by *White,* affirmed the trial court's rejection of hospital records, offered to establish prior consistent out–of–court statements. The court did not exclude evidence that went "to the heart of an issue on trial", nor was any such rule discussed.

ER 805 ("Hearsay Within Hearsay"). Indeed, the court stated that hearsay, even if not squarely within the business records exception, may be admitted to present the exhibit intact.

In *Barringer,* the trial court rejected testimony, offered by the nontestifying defendant under RCW 5.45.020, to show that the defendant had reported certain identification items lost. The Court of Appeals affirmed the exclusion of the evidence, holding that the hearsay records went "to the heart of an issue at trial". *Barringer,* at 885 (citing *Tharp* and *White*).

The so–called "rule" is not necessary to support the court's decision. RCW 5.45.020 reads as follows:

> A record of an act, condition or event, shall in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, *and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.*

(Italics ours.) The evidence could be properly excluded because the "sources of information", which in this case was the nontestifying defendant, did not justify admission. In effect, he was offering his prior self–serving statement, without taking the stand.

In *State v. Tharp, supra,* the defendant was charged with taking a motor vehicle without permission. The trial court admitted, pursuant to RCW 5.45.020, a motel registration slip which tended to establish defendant's possession of the vehicle within 24 hours of the time it was stolen. Relying on *State v. White, supra,* the conviction was reversed with the following comments:

> The motel registration slip went right to the heart of the issue of whether Tharp had the automobile in his possession shortly after it was stolen. There was no evidence that the record was reliable. The motel clerk who registered the guest did not testify and there was no evidence that he verified the identity of the guest. Tharp

was not personally identified nor was the handwriting on the slip identified as his. In the absence of any independent evidence connecting Tharp with the guest who registered at the motel, the "sources of information" for the registration slip do not justify its admission. *See United States v. Scallion*, 533 F.2d 903 (5th Cir. 1976); *United States v. Pearson*, 508 F.2d 595 (5th Cir. 1975); *United States v. Greiser*, 502 F.2d 1295 (9th Cir. 1974); Admission of the registration slip was prejudicial error.

*Tharp*, at 186. For the reasons given in the quoted language, the exhibit could be properly excluded because the "sources of information" for the evidence were unreliable. Surprisingly, the three federal cases cited by the court in support of its ruling sustained the admission of guest registration cards. None discussed excluding evidence which goes "to the heart of an issue", and can hardly be relied on as authority for such a rule.

■ Petitioner has cited no evidence treatise nor any cases from other jurisdictions establishing a broad rule which makes inadmissible hearsay that goes "to the heart of an issue on trial", nor has our research disclosed such a rule. The results in *White, Tharp* and *Barringer,* can be explained without reference to any such rule. Indeed, a close reading of *White* discloses it did not purport to establish this "rule". It is only by confusing "hearsay contents" with the hearsay business record within which the "hearsay contents" were embedded that *Tharp* and *Barringer* erroneously found such a "rule".

CONCLUSION

A properly certified CCDR is admissible pursuant to RCW 5.44.040 as an exception to the hearsay rule without violating the defendant's right of confrontation. Whether hearsay goes "to the heart of an issue on trial" is, of itself, an irrelevant consideration. Hearsay within hearsay, however, must have an independent basis for admission.

Judgment affirmed.

SWANSON and WEBSTER, JJ., concur.

Review granted at 113 Wn.2d 1001 (1989).