[No. 8736-1-III.   Division Three.   June 22, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. TROY C. LASS, *Appellant*.

---

*Richard L. Cease, Public Defender,* and *George Marlton, Assistant,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Sam Cozza, Deputy,* for respondent.

*Julie A. Kesler* and *Robert C. Boruchowitz* on behalf of Washington Appellate Defender Association, amicus curiae for appellant.

[As amended by order of the Court of Appeals August 15, 1989.]

MUNSON, J.—Troy Lass appeals his convictions for taking a motor vehicle without the owner's permission, second degree theft, and second degree vehicle prowling. He contends the court erred in: (1) allowing improper testimony as to ultimate issues of fact; (2) improperly admitting certain evidence; (3) allowing opinion testimony as to fuel consumption and the route the vehicle had traveled; (4) excluding certain testimony offered for impeachment purposes; (5) admitting the results of a photo lineup into evidence; (6) denying his motions to dismiss and arrest of judgment; (7) failing to dismiss the vehicle prowling charge because it merged into the other crimes; (8) refusing to dismiss based on vindictive behavior of the State; (9) entering a cruel and unusual sentence; (10) abusing its discretion in ordering him to pay restitution in monthly installments; and (11) sentencing him to 365 days on a conviction for a gross misdemeanor. We affirm in part and reverse in part.

On April 11, 1987, Donald Tillett, a truck driver, reported the theft of his Kenworth truck tractor, valued at $85,000, from the parking lot of the Holiday Inn West Motel. On April 13, a Utah highway patrolman stopped the truck when it failed to stop at the Utah port of entry. The driver of the vehicle, Mr. Lass, told the patrolman that

someone had given him the truck while he was hitchhiking in Oregon.

Mr. Lass was charged with taking a motor vehicle without the owner's permission and extradited to Spokane. An amended information charged him with the additional crimes of second degree theft and vehicle prowling.[1] After the CrR 3.5 hearing, the defense moved to have the second degree vehicle prowling charge stricken on the basis it merged into the other two counts; he also sought to suppress the photo lineup identification. Both motions were denied. The court also denied Mr. Lass' motions for dismissal at the end of the State's case, based on insufficiency of the evidence, and in arrest of judgment following entry of a verdict of guilty on all three counts.

The court invoked the first-time offender option, rather than the standard range on a felony count, sentencing him to 90 days on each count. The court also sentenced him to 365 days on the gross misdemeanor charge but suspended 6 months of the sentence. All sentences were to run concurrently. The court also ordered him to pay restitution and court costs in the amount of $11,307.41 in payments of $97 per month.

Mr. Lass first asserts the court erred in allowing Mr. Tillett to testify as to Mr. Lass' identity and his personal belief that he had stolen the truck, an ultimate issue of fact. The identification and personal belief of Mr. Tillett was hearsay but was not admitted to show the truth of the matter asserted. Instead, it was used to show why Mr. Tillett asked the police to concentrate their search effort on roads leading to Bend, Oregon.

■ As recently stated in 5 K. Tegland, Wash. Prac., *Evidence* § 23, at 86–87 (3d ed. 1989):

> In many trial situations, evidence may be admissible for one purpose but inadmissible for another purpose. Hearsay, for example, may be inadmissible to prove the truth of the matter

---

[1]Taking a motor vehicle without permission is a class C felony. RCW 9A.56-.070. Theft in the second degree is also a class C felony. RCW 9A.56.040. Vehicle prowling in the second degree is a gross misdemeanor. RCW 9A.52.100.

asserted but admissible for the more limited purpose of proving notice, state of mind, or the like.

(Footnote omitted.) Here, the evidence was used for the limited purpose of explaining the basis for Mr. Tillett's statement to the police, not to prove the truth of the matter asserted. The court gave the jury a limiting instruction pursuant to ER 105 to that effect. There was no error.

Mr. Lass next asserts the court erred by admitting a check made out to the Goshen Truck Stop in Eugene, Oregon. He contends the check is hearsay, not within any recognized exception, and asserts this check went to the heart of the issue of whether he had the truck in his possession shortly after it was stolen. He relies on *State v. Tharp*, 26 Wn. App. 184, 612 P.2d 11 (1980). *Tharp* is distinguishable; it involved a motel registration slip, which no one saw the defendant complete. Here, Mr. Tillett was qualified to state the check was not filled out in his handwriting. Therefore, the check had the requisite indicia of reliability necessary to show the circuitous route the truck took. The check in no way implicates Mr. Lass. There was no error.

Mr. Lass also alleges the court erred in allowing Mr. Tillett's testimony regarding fuel consumption and the route traveled by the truck. He contends such testimony is speculative and goes to ultimate issues which should be decided by the jury. The State asserts Mr. Tillett is an expert on truck driving and, therefore, his testimony was admissible. ER 702. Here, the facts show Mr. Tillett was a professional truck driver and that he had driven 167,000 miles in this truck before it was stolen. The evidence was clearly helpful to the trier of fact. Even if Mr. Tillett was not an expert, such testimony would be admissible because it is based on a rational perception of the witness. *See generally* ER 701; 5A K. Tegland, Wash. Prac., *Evidence* § 282, at 348–49 (3d ed. 1989). Such testimony is not objectionable merely "because it embraces an ultimate issue to be decided by the trier of fact." ER 704. There was no error.

Next, Mr. Lass contends the court erred in excluding testimony of the motel manager offered for the purpose of impeaching Mr. Tillett. The defense attempted to impeach Mr. Tillett's credibility by showing he had not paid his motel bill in Spokane nor made any arrangements to pay for it. This evidence was excluded by the court after the State made a motion in limine on grounds of relevancy. The court stated:

> The motion is granted. This is entirely irrelevant to the issues as to whether or not this truck was stolen, whether or not the defendant took the truck without permission, whether or not there was any property in the truck that has been stolen by the defendant and whether he, as charged, is guilty of vehicle prowling. Whether or not Mr. Tillett may have not wiped his nose or not kept the room clean or not paid the bill is irrelevant to the primary issues involved here.

A trial court's determination as to the relevance of evidence will not be overturned on appeal except for an abuse of discretion. *State v. Slemmer,* 48 Wn. App. 48, 738 P.2d 281 (1987). The desired testimony would not prove or assist in proving the facts of the case. ER 401. There was no error.

Mr. Lass asserts the court erred in admitting into evidence the results of a photo lineup. He contends the prejudicial effect of the lineup identification far outweighed the probative value. The motel manager testified he saw a rear and profile view of the man who stole the truck. Since Mr. Lass does not allege the lineup was impermissibly suggestive, the evidence is admissible. The issue becomes one of weight rather than admissibility. *State v. Vaughn,* 101 Wn.2d 604, 682 P.2d 878 (1984). There was no error.

Mr. Lass next asserts the court erred in denying his motions to dismiss for insufficient evidence. The appellate court's review is to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980); *State v. Stubsjoen,* 48 Wn. App. 139, 738 P.2d 306, *review denied,* 108 Wn.2d 1033 (1987). Here, the evidence established a truck was taken in Spokane

without the owner's permission; Mr. Lass was seen taking the truck; he was arrested in Utah while in possession of the truck; and he testified to being given the truck by an unknown person while he was hitchhiking in Oregon. There was no error.

■ Mr. Lass next contends the prosecutor acted vindictively in amending the information after Mr. Lass decided to go to trial. The filing of a more serious charge following a criminal defendant's exercise of a constitutional right does not violate due process of law unless the prosecutor acts with the intent of retaliating against the defendant. The mere appearance of vindictiveness is insufficient to establish a due process violation. *State v. Bockman,* 37 Wn. App. 474, 682 P.2d 925, *review denied,* 102 Wn.2d 1002 (1984); *State v. McKenzie,* 31 Wn. App. 450, 642 P.2d 760 (1981).

The trial court may permit an amendment of the information anytime prior to a verdict if "substantial rights of the defendant are not prejudiced." CrR 2.1(e); *State v. Jones,* 26 Wn. App. 1, 612 P.2d 404, *review denied,* 94 Wn.2d 1013 (1980). Here, the amended information was filed several days before trial. Mr. Lass did not assert a due process violation when the new counts were added. The trial court, in allowing the amendment, found no prejudice. There was no error.

■ Mr. Lass asserts the portion of the court's sentence requiring him to recycle materials, if he is otherwise unemployed, in order to meet his court imposed financial obligations constitutes cruel and unusual punishment. The scope of the cruel and unusual prohibition of Const. art. 1, § 14 is determined by examining, in both Washington and other states, contemporary standards of public decency and the proportionality of the punishment. *State v. Campbell,* 103 Wn.2d 1, 691 P.2d 929 (1984), *cert. denied,* 471 U.S. 1094 (1985). The standard is similar under the Eighth Amendment prohibition against cruel and unusual punishment. *Trop v. Dulles,* 356 U.S. 86, 2 L. Ed. 2d 630, 78 S. Ct. 590 (1958).

Here, Mr. Lass was sentenced under the first-time offender option. Pursuant to RCW 9.94A.120(5)(a), the court can order an offender to "[d]evote time to a specific employment or occupation". The court can also order restitution pursuant to RCW 9.94A.142. Mr. Lass has cited no authority showing how this contention is cruel or unusual. Recycling material is a community service. It helps clean up the environment and would provide Mr. Lass with extra income to pay his restitution. The activity is not cruel and unusual.

Mr. Lass next contends the court abused its discretion in ordering him to pay costs and restitution of $11,307.41 in payments of $97 per month. He asserts that priority should be given to restitution and that the witness fees and extradition costs should be eliminated from the sentence. He relies on *State v. Earls,* 51 Wn. App. 192, 752 P.2d 402 (1988) to support these contentions. In *Earls,* the court in interpreting former RCW 10.01.160(1), (2), and (3) held reimbursement of costs may be imposed upon an indigent defendant if the court enters findings regarding his present or future ability to pay.[2] Here, the record shows Mr. Lass was to be placed on work release and had been employed in Spokane prior to taking the truck. The record also shows, based upon the testimony of his father, he could obtain gainful employment in Oregon. The court subsequently amended the sentence by reducing it on August 20, 1987, to time he had served so he could be released and obtain employment.

Mr. Lass admits restitution can be imposed upon a criminal defendant. Former RCW 9.94A.120(9). In this case, that amounted to $9,587 of the total monetary obligations assessed. The witness fees and costs of extradition are also

---

[2]Former RCW 9.94A.120(9) specifies as part of any sentence under this chapter: "the court may also require the offender to make such monetary payments, on such terms as it deems appropriate under the circumstances, as are necessary (a) to pay court costs . . . (d) to make such other payments as provided by law. All monetary payments shall be ordered paid by no later than ten years after the date of the judgment of conviction."

recoverable. RCW 10.01.160. The court used a liberal payment plan in this case and no interest was charged. There was no error.

Finally, Mr. Lass asserts the crime of second degree vehicle prowling, a gross misdemeanor, should merge into the charge of taking a motor vehicle without permission, a class C felony. We agree.

■ In *State v. Johnson,* 92 Wn.2d 671, 680, 600 P.2d 1249 (1979), *cert. dismissed,* 446 U.S. 948 (1980), the court held that when an offense is proven which elevates another crime to a higher degree,

> an additional conviction cannot be allowed to stand unless it involves some injury to the person or property of the victim or others, which is separate and distinct from and not merely incidental to the crime of which it forms an element.

RCW 9A.56.070, which defines and prohibits taking a motor vehicle without permission, requires a showing that the motor vehicle taken did not belong to the defendant and that it was intentionally taken without the owner's permission or rightful possession. *State v. Jamerson,* 74 Wn.2d 146, 443 P.2d 654 (1968); *State v. Medley,* 11 Wn. App. 491, 524 P.2d 466 (1974). Second degree vehicle prowling requires a showing of unlawfully entering or remaining in a motor vehicle with intent to commit a crime therein. RCW 9A.52.100. Mr. Lass had to unlawfully enter the truck in order to take it without permission. We find no additional steps were necessary to complete both charges; hence, merger is proper.

■ The vehicle prowling conviction must be reversed. There is no need for a remand, however, since the sentences were concurrent and Mr. Lass is no longer incarcerated. *See generally State v. Davis,* 47 Wn. App. 91, 734 P.2d 500, *review denied,* 108 Wn.2d 1029 (1987). Thus, we need not discuss Mr. Lass' contention that the court erred in sentencing him to 365 days for his gross misdemeanor conviction.

The judgment is affirmed in part and reversed in part.

THOMPSON, C.J., and GREEN, J., concur.